## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EDWARD M. SLOMINSKE,
            Appellant,

            v.

OFFICE OF PERSONNEL
    MANAGEMENT,
            Agency.

DOCKET NUMBER
CH-0845-16-0335-I-1

DATE: September 21, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Edward M. Slominske, Olmsted Township, Ohio, pro se.

Kristopher L. Rogers, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without a showing of good cause for the filing delay.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as MODIFIED by this Final Order to find that the deadline for filing the appeal was not Saturday, March 12, 2016, but Monday, March 14, 2016, we AFFIRM the initial decision.

¶2      In a reconsideration decision dated February 11, 2016, the Office of Personnel Management (OPM) determined that the appellant had received an overpayment in benefits under the Federal Employees' Retirement System and it announced its intent to begin collecting the overpayment by taking monthly installments from his annuity payments.  Initial Appeal File (IAF), Tab 7 at 7-10.  The reconsideration decision informed the appellant that he had the right to appeal the decision to the Board within 30 days of the date that the appellant received the reconsideration decision.  *Id.* at 10.  According to his appeal, the appellant received the reconsideration decision on February 11, 2016.  IAF, Tab 1 at 2.  Therefore, his appeal was due on March 12, 2016, or rather, on March 14, 2016, because March 12 was a Saturday.  5 C.F.R. § 1201.23.  The appellant filed his appeal on April 8, 2016.

¶3      The administrative judge informed the appellant that his appeal appeared to be untimely filed and she directed him to file evidence and argument showing that the appeal was timely or that good cause existed for the delay in filing.  IAF, Tab 3.  After considering the parties' responses, IAF, Tabs 4, 7, the

administrative judge dismissed the appeal as untimely filed without a showing of good cause.  IAF, Tab 9, Initial Decision (ID) at 1, 6.  The appellant petitions for review of the initial decision.  Petition for Review (PFR) File, Tab 1.

¶4        An appeal from an OPM reconsideration decision must be filed no later than 30 days after the date the appellant received OPM's decision.  *Smith v. Office of Personnel Management*, 117 M.S.P.R. 527, ¶ 5 (2012); 5 C.F.R. § 1201.22(b).  The appellant's appeal, filed on April 8, 2016, was 25 days late.  *Heath v. Department of Agriculture*, 109 M.S.P.R. 684, ¶ 6 (2008) (finding that a 23-day filing delay was not minimal); *Hodge v. U.S. Postal Service*, 88 M.S.P.R. 50, ¶ 6 (2001) (concluding that a 28‑day filing delay was not minimal).

¶5        The Board may waive the time limit for filing an appeal if the appellant shows good cause for the delay.  5 C.F.R. § 1201.22(c).  To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune, which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6        The appellant reiterates on review his argument below that he delayed in filing his appeal because he had questions about the appeal forms attached to the reconsideration decision and he called OPM multiple times per day but OPM did not return his telephone calls.  PFR File, Tab 1 at 2; IAF, Tab 4 at 2.  We agree with the administrative judge that the appellant has not shown due diligence by demonstrating that he sought assistance from OPM.  ID at 3-4.  OPM's

reconsideration decision informed him that it was OPM's final decision and that any further recourse was with the Board. IAF, Tab 7 at 10. OPM also provided the appellant with clear and straightforward instructions for filing an appeal with the Board. *Id.* A general inability to understand instructions and procedures does not provide a basis for a waiver of the time limit for filing an appeal. *Burgess v. U.S. Postal Service*, 78 M.S.P.R. 484, ¶ 7 (1998); *Holloway v. Office of Personnel Management*, 54 M.S.P.R. 507, 509 (1992). If the appellant had difficulty in understanding the Board's appeal form, it would have been reasonable for him to contact the Board for assistance rather than OPM. *Burgess*, 78 M.S.P.R. 484, ¶ 7; *Holloway*, 54 M.S.P.R. at 510. His failure to do so weighs against a finding of due diligence or ordinary prudence. *Burgess*, 78 M.S.P.R. 484, ¶ 7.

¶7    The appellant also repeats on review his assertion below that his appeal is untimely because he was caring for his wife, who was severely ill with terminal cancer. PFR File, Tab 1 at 2; IAF, Tab 4 at 1. The administrative judge correctly noted that the appellant did not provide the dates of his wife's illness and death. ID at 5. On review, the appellant provides no further information concerning his late wife. However, a letter from his therapist, which we discuss in more detail below, indicates that she died in December 2015, several months before the filing period began. PFR File, Tab 1 at 8. While the appellant must certainly have been grieving during the February-March 2016 timeframe, there is no evidence explaining how the effects of his wife's death prevented him from meeting the filing deadline. *Pine v. Department of the Army*, 63 M.S.P.R. 381, 383 (1994) (finding that a claim that the appellant was caring for her critically ill mother that does not specifically account for the period of untimeliness does not constitute good cause for waiver of the filing deadline); *Estate of DePalermo v. Office of Personnel Management*, 53 M.S.P.R. 4, 6 (1992) (stating that a preoccupation with the death of a parent that occurred 2 years before the filing period began did not constitute good cause for the untimely filing of a petition for review).

¶8    Finally, the appellant alleges that he was unable to timely file his appeal because the ordeal of his wife's illness and death placed him in a state of severe depression.  PFR File, Tab 1 at 2; IAF, Tab 4 at 1.  To establish that an untimely filing was the result of an illness, the party must:  (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time.  *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).  To establish good cause for waiver of the Board's filing deadline based on physical or mental illness, there is no general incapacitation requirement; rather, the appellant is required to explain only why his alleged illness impaired his ability to meet the Board's filing deadline or seek an extension of time.  *Lacy*, 78 M.S.P.R. at 437 n.*

¶9    The administrative judge correctly found that the appellant did not submit any evidence below to substantiate his assertion that he was prevented from timely filing his appeal by his medical condition.  ID at 5.  On review, the appellant submits a letter from his therapist that purports to explain why the appellant was unable to meet the deadline for filing his appeal.  PFR File, Tab 1 at 8.  The letter is dated after the date the initial decision was issued, but it appears to be based for the most part on information that was readily available prior to the close of the record below.[2]  *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (determining that, to constitute new and material evidence, the information contained in the documents, not just the documents

---

[2]  The letter states that the appellant has been a patient since April 8, 2015, was most recently seen on June 20, 2016, and refers to an undated second visit that occurred towards the beginning of the terminal phase of the appellant's wife's illness some months before her death.  PFR File, Tab 1 at 8.  There is no mention of whether the therapist saw the appellant in February or March 2016 and, therefore, it is not clear to what extent the information contained in the letter reflects the appellant's condition during the filing period, which, of course, is the time period relevant in this case.

themselves, must have been unavailable despite due diligence when the record closed). The appellant asserts that he did not submit any medical documentation below because the administrative judge did not ask for it. PFR File, Tab 1 at 2. On the contrary, her Order on Timeliness explicitly stated that he was to submit medical documentation in support of his claim. IAF, Tab 3 at 3-4.

¶10    Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Here, the administrative judge placed the appellant on clear notice of what he must show to establish that his illness prevented him from timely filing his appeal and of the type of evidence necessary to make that showing. IAF, Tab 3 at 3-4. The appellant's failure to follow the administrative judge's straightforward instructions to submit medical evidence in support of his claim that he was prevented from meeting the filing deadline by illness does not reflect due diligence. *Cf. Lewis v. Department of the Navy*, 65 M.S.P.R. 28, 32 (1994) (explaining that the Board will consider evidence submitted for the first time on petition for review that was available before the record closed below when the party was not put on notice of the nature of a dispositive issue until the issuance of the initial decision).

¶11    Even if we were to consider the therapist's letter, it does not explain how the appellant's condition prevented him from meeting the filing deadline. The letter describes the appellant's symptoms when he began treatment in April 2015 and up until his wife's death in December 2015. PFR File, Tab 1 at 8. After that point, however, the letter merely states that his condition is complicated by profound grief and that he has difficulty understanding the appeal process. *Id.* While we are sympathetic to the appellant's situation, this letter does not constitute a substantive explanation of how the appellant's illness prevented him

from meeting the filing deadline.[3]  Accordingly, we find that the administrative judge correctly dismissed the appeal as untimely filed without a showing of good cause for the delay in filing.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

---

[3]  The Board has found good cause when the appellant submitted medical evidence providing a detailed explanation of how the appellant's illness affected her ability to meet the filing deadline, including evidence that she was unable to understand, remember, and carry out very short, simple instructions; understand, remember, and carry out detailed instructions; perform activities within a schedule; be punctual within customary tolerances; and ask simple questions or request assistance.  *See Smith*, 117 M.S.P.R. 527, ¶ 8.  The appellant's evidence does not approach this level of detail.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.